IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**WINFRED FORKNER**                                                       **PLAINTIFF**

**V.**                             **CIVIL ACTION No. 1:16-cv-00146-LG-JCG**

**MARSHALL TURNER**                                         **DEFENDANT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is Defendant Marshall Turner's Motion for Summary Judgment (ECF No. 29) and an accompanying supporting memorandum (ECF No. 30). Plaintiff Winfred Forkner, a post-conviction inmate in the custody of the Mississippi Department of Corrections ("MDOC"), has filed a Memorandum in Opposition (ECF No. 32). Having reviewed the submissions of the parties and the relevant law, the undersigned United States Magistrate Judge recommends that the Defendant's Motion for Summary Judgment based on Eleventh Amendment and Qualified Immunity be granted and Plaintiff's claims be dismissed with prejudice

## I. BACKGROUND

Plaintiff Winfred Forkner is a post-conviction inmate in the custody of the MDOC, currently incarcerated at the South Mississippi Correctional Institute (SMCI) in Leakesville, Mississippi. On April 28, 2016, Forkner filed his Complaint (ECF No. 1) against Defendant Marshall Turner in his official and individual capacities, alleging that Turner violated the Equal Protection Clause of the Fourteenth Amendment. Forkner alleges this right was violated because some of his personal property went missing during a search of the housing unit on February 29,

1

2016 when no other inmate had property missing. Forkner seeks a declaration that his rights were violated, a preliminary and permanent injunction preventing discrimination, compensatory damages of $1,000.00 per day until the matter is resolved, $50,000.00 in punitive damages, and costs.

In his complaint, Forkner states that on the day of the incident, Turner required all of the inmates to unlock and open their lockers before exiting the housing area. The officers then conducted a "shakedown." Forkner alleges that upon reentering the housing area, he discovered that he was missing forty-eight packages of ramen noodles and sixty postage stamps. Forkner submitted a receipt from the commissary to prove ownership of these items. He also presented letters from two other inmates who state that Plaintiff was the only inmate to report stolen items. (ECF No. 1-1).

Forkner alleges that he was denied the equal protection of the law since no one else's property was missing after the shakedown. He claims "that under the 'Class of One' and/or in violation of the 'Equal Protection Clause' . . . he has been intentionally treated differently from others similarly situated . . . and that there is [n]o rational basis for the difference in treatment." (ECF No. 1). Turner filed a motion for summary judgment based upon the defenses of sovereign immunity and qualified immunity. Turner argues that he is entitled to sovereign immunity with respect to Forkner's claims against him in his official capacity, as he is employed by an arm of the state. Turner next argues that he is entitled to qualified immunity with respect to Forkner's claims against him in his individual capacity, as Forkner

has not alleged a violation of clearly established law and his [Turner's] actions were objectively reasonable. Forkner opposes the motion for summary judgment, arguing that Turner's claims are unsupported and that there is a genuine issue of fact as to whether Turner is entitled to qualified immunity.

## II. DISCUSSION

A. Legal Standards

1. Summary Judgment

Summary judgment is mandated "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) When evaluating a motion for summary judgment, the Court must construe "all facts and inferences in the light most favorable to the non-moving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010)).

The movant bears the initial responsibility "of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.'"

*Celotex*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)). If the movant carries this burden, the burden shifts to the non-moving party to show that summary judgment should not be granted. *Id.* at 323. "The non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment." *Abarca v. Metro Transit Auth.*, 404 F.3d 938, 940 (5th Cir. 2005) (citing *Celotex*, 477 U.S. at 324). In the absence of any proof, the Court will not assume that the Plaintiff "could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

    2. <u>The Prison Litigation Reform Act</u>

Because Forkner is a prisoner pursuing a civil action seeking redress from a government employee, the Prison Litigation Reform Act (PLRA) applies and requires that this case be screened. The PLRA provides that "the court shall dismiss the complaint if the complaint (i) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (ii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B). Accordingly, the statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

3. <u>Eleventh Amendment Sovereign Immunity</u>

"The Eleventh Amendment prohibits a private citizen from bringing suit against a state in federal court unless the state consents." *Salinas v. Tex. Workforce Comm'n*, 573 F. App'x 370, 372 (5th Cir. 2014) (quoting *Daigle v. Gulf State Utils. Co.*, 794 F.2d 974, 980 (5th Cir. 1986)). "The Eleventh Amendment also 'generally precludes actions against state officers in their official capacities.'" *Id.* (quoting *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004)). However, an exception exists for "suits seeking prospective relief for violations of federal law against state officers in their official capacity." *Id.* at 372-73 (citing *Ex parte Young*, 209 U.S. 123 (1908)).

4. <u>Qualified Immunity and 42 U.S.C. § 1983</u>

42 U.S.C. § 1983 prohibits the deprivation of any individual's constitutional rights under color of state law and provides for both monetary and injunctive relief. However, qualified immunity protects officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald* 457 U.S. 800, 818 (1982)). Qualified immunity thus protects "all but the plainly incompetent or those who knowingly violate the law," and "gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

Accordingly, a government official is entitled to immunity from suit unless (1) a plaintiff has made allegations sufficient to show a violation of a constitutional right, and (2) the right at issue was "clearly established" at the time of the official's alleged misconduct. *Pearson*, 555 U.S. at 232 (citing *Saucier v. Katz*, 533 U.S. 194, 201)). These two prongs need not be addressed in a particular order, and failure to satisfy either may be dispositive. *Lytle v. Bexar Cty., Tex.*, 560 F.3d 404, 409 (5th Cir. 2009) (citing *Pearson*, 555 U.S. at 236).

B. Analysis

    1. Sovereign Immunity

The MDOC is an arm of the State of Mississippi, and therefore it is entitled to Eleventh Amendment Immunity. *Williams v. MDOC*, No. 3:12-cv-259-CWR-FKB, 2012 WL 2052101, at *1 (S.D. Miss. June 6, 2012). Furthermore, state officials, such as Turner, who are acting in their official capacity are also cloaked in Eleventh Amendment Immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Turner is therefore entitled to sovereign immunity on Forkner's claims for damages against him in his official capacity.

    2. Qualified Immunity

In order to overcome Turner's claim of qualified immunity, Forkner must show that Turner violated clearly established law. He has failed to do so for two reasons: (1) he has not shown other post deprivation remedies were inadequate and (2) he has not shown sufficient personal involvement by Turner.

6

Forkner alleges that Turner violated his right to equal protection under a class of one theory. To establish an equal protection violation under a class of one theory, "the plaintiff must show that (1) he or she was intentionally treated differently from others similarly situated and (2) there was no rational basis for the difference in treatment." *Lindquist v. City of Pasadena Tex.*, 669 F.3d 225, 233 (5th Cir. 2012). Forkner alleges that the violation was the taking of his property, and he claims that it violates his right to equal protection because no other inmate had property taken. Although Forkner repeatedly asserts that he was intentionally treated differently than other inmates, he has offered no proof of the intentional nature of the act.

Furthermore, in his Brief in Opposition to Defendant's Summary Judgment Motion (ECF No. 32), he references the due process clause, which is truly more applicable to the instant case, as he argues his property was taken without reason and without him being present. As Turner points out, neither intentional nor negligent deprivation of property by state officials violates the due process clause if adequate post-deprivation remedies exist. *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986) (negligent deprivation); *Hudson v. Palmer*, 468 U.S. 517, 534-35 (1984) (intentional deprivation). Forkner has not alleged that the post-deprivation remedies provided by the State are inadequate, despite it being his burden to do so. *Hudson*, 468 U.S. at 535. Further, Mississippi's post-deprivation remedies for civil litigants proceeding *in forma pauperis* are considered adequate. *Nickens v. Melton*,

38 F.3d 183, 185 (5th Cir. 1994). He has not even alleged that he has attempted to seek relief through those channels.

Additionally, Forkner has not met his burden of alleging the specific facts of Turner's involvement. Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). For a plaintiff to have a cause of action under § 1983, "the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Chandler v. Epps*, Civil Action No. 3:14-cv-603-CWR-FKB, 2016 WL 1183605, at *2 (S.D. Miss. Mar. 25, 2016) (quoting *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996)). Forkner has not alleged that Turner was the individual who took the missing items. He merely alleges that the shakedown was "ordered and conducted" by Turner (ECF No. 32). Without an allegation that Turner himself took his property, Forkner has not overcome Turner's assertion of immunity. He has not shown that Turner violated his clearly established constitutional rights.

In light of the finding that Forkner has not alleged a violation of his constitutional rights, his case must be dismissed in its entirety as he has not stated a claim upon which relief can be granted. He is not entitled to declaratory or injunctive relief or damages against Turner in either his individual or official capacity.

## RECOMMENDATION

Based on the above analysis, the undersigned recommends that Defendant's Motion for Summary Judgment be granted and Winfred Forkner's Complaint be

dismissed in its entirety.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3), Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, after service of a copy of this Report and Recommendation, each party has fourteen days to serve and file with the Clerk any written objections to it. Within seven days of service of objections, the opposing party must either serve and file a response or notify the District Judge that he does not intent to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy is barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED**, this the 17th day of July, 2018.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE