# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**WINFRED FORKNER**                                                               **PLAINTIFF**

**v.**                                             **CAUSE NO. 1:16CV146-LG-JCG**

**MARSHALL TURNER**                                                    **DEFENDANT**

## ORDER ADOPTING REPORT AND RECOMMENDATION
## AND GRANTING MOTION FOR SUMMARY JUDGMENT

This cause comes before the Court on the [35] Report and Recommendation of United States Magistrate Judge John C. Gargiulo, entered in this cause on July 17, 2018. Magistrate Judge Gargiulo found that the Motion for Summary Judgment filed by the defendant, Marshall Turner, in this prison conditions case should be granted. Plaintiff Forkner filed an objection to the Magistrate Judge's findings and conclusions, which the Court now reviews de novo.

### DISCUSSION

Forkner is an inmate of the Mississippi Department of Corrections who alleges his Fourteenth Amendment right to equal protection was violated by Turner, who is the warden of the South Mississippi Correctional Institute where Forkner is serving his sentence. Forkner alleges that Turner ordered all inmates to open their lockers and exit the building "while a shake down was being done on each locker with no inmates present." (Compl. 2, ECF No. 1.) When Forkner returned to his locker, he alleges he found that food and postage stamps were missing. (*Id.* at 2-3.) He argues he is a "class of one" for equal protection purposes, because his was the only locker missing commissary items after the shake down.

(*Id*. at 4.)  Forkner followed the MDOC grievance procedure to complain about his missing items and received a final response that the institution would not replace them because he had no proof of loss.  (*Id*.)  In this action he seeks declaratory and injunctive relief, and compensatory and punitive damages for the loss of his commissary items.  (*Id.* at 5.)

Forkner sued Turner in both his official and individual capacities under 42 U.S.C. § 1983.  Turner argued that the claims against him in his official capacity were in reality against the State of Mississippi and therefore subject to dismissal because of the State's Eleventh Amendment immunity.  As to the claims against him in his individual capacity, Turner argued that he was entitled to dismissal on the grounds of qualified immunity.  Magistrate Judge Gargiulo analyzed these arguments and recommended dismissal for the reasons urged by Turner.  Forkner objects only to the conclusion that Turner is entitled to qualified immunity from the individual capacity claims.

**The Legal Standard**

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  The Court views the facts in the light most favorable to the non-moving party and draws all reasonable inferences in its favor. *Hanks v. Rogers*, 853 F.3d 738, 743 (5th Cir. 2017) (internal quotation marks omitted).  "A qualified immunity defense alters the usual summary judgment burden of proof.  Once an official pleads the defense, the burden then shifts to the

plaintiff, who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law." *Id*. at 744 (internal quotation marks and citation omitted).

**Qualified Immunity**

Forkner alleges that deprivation of his items violated his right to due process. In considering whether Turner was entitled to qualified immunity from this claim, the Magistrate Judge analyzed it both as a class-of-one and as a more general Fourteenth Amendment due process claim. The Magistrate Judge concluded that 1) deprivation of an inmate's property is not a due process violation where, as in Mississippi, there is an adequate state remedy; 2) there were no facts alleged showing that Forkner was intentionally treated differently; and 3) there were no facts alleged showing Turner was personally involved in the deprivation of Forkner's property.

Leaving aside the issue of whether Turner's allegations should be considered as a class-of-one equal protection claim or a more general due process claim, in order to bring a § 1983 claim against Turner in his individual capacity at all Forkner must allege facts that show Turner's involvement in a constitutional violation or that Turner implemented or enforced an unconstitutional policy. *Chipley v. Yazoo Cty.*, No. 3:16-CV-901-TSL-RHW, 2018 WL 1903202, at *7 (S.D. Miss. Apr. 20, 2018) (citations and quotation marks omitted).

Forkner argues that he has shown Turner's personal involvement.

[T]he fact that giving the order establishes his involvement backed by

-3-

> a threat to unlock and leave open plaintiff's locker to be shaken-down
> outside his presence which resulted in the taking of plaintiff's personal
property is at odds with and violate Mississippi Department of Corrections shake-down policy, which within the terms and meaning of the law makes defendant Turner in this case liable solely for his own conduct.

(Pl. Obj. 2, ECF No. 37.)

As the Magistrate Judge noted, Forkner stops short of claiming that Turner took his property. Turner's alleged involvement was "giving the order" for the shakedown. Shakedown searches do not violate an inmate's due process rights. *See Block v. Rutherford*, 468 U.S. 576, 590-91 (1984). Forkner does not state a constitutional claim by alleging that Turner ordered and conducted a shakedown search. Even if Turner ordered the shakedown to be conducted in a way that conflicted with MDOC policy, a mere failure to follow prison policy does not raise a constitutional issue. *See, e.g., Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (holding that "a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met").

Forkner also argues that Turner implemented and enforced a policy "which actually resulted in the taking of plaintiff's personal property." (Pl. Obj. 2, ECF No. 37.) Forkner makes only this general statement; there are no factual allegations concerning a policy. If he refers to the policy of conducting shakedown searches, Forkner cannot show that such a policy is unconstitutional.

CONCLUSION

Because Forkner did not rebut Turner's qualified immunity defense by establishing a genuine fact issue as to whether Turner's allegedly wrongful conduct violated clearly established law, the Court finds that Forkner's objections to the Magistrate Judge's Report and Recommendation should be overruled.

Having reviewed the entire Report and Recommendation, de novo where necessary, the Court finds it proper and neither clearly erroneous nor contrary to law. The Magistrate Judge correctly concluded that Turner's Motion for Summary Judgment should be granted and this case dismissed. The Report and Recommendation will be adopted as the findings and conclusions of this Court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [35] Report and Recommendation of United States Magistrate Judge John C. Gargiulo, entered in this cause on July 17, 2018, should be, and the same hereby is, adopted as the findings of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [29] Motion for Summary Judgment filed by Defendant Marshall Turner is **GRANTED**. Plaintiff's claims are dismissed with prejudice.

**SO ORDERED AND ADJUDGED** this the 20th day of August, 2018.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE